1
2
3
4
5            UNITED STATES DISTRICT COURT
6            EASTERN DISTRICT OF WASHINGTON

7   DENISE M. WRIGHT,
                                         NO:  13-CV-3068-TOR
8                      Plaintiff,
                                         ORDER GRANTING DEFENDANT'S
9        v.                              MOTION FOR SUMMARY
                                         JUDGMENT
10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                     Defendant.

13

14       BEFORE THE COURT are the parties' cross-motions for summary

15  judgment (ECF Nos. 14 and 18).   Plaintiff is represented by D. James Tree.

16  Defendant is represented by L. Jamala Edwards.   The Court has reviewed the

17  administrative record and the parties' completed briefing and is fully informed.

18  For the reasons discussed below, the Court grants Defendant's motion and denies

19  Plaintiff's motion.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id*., at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.   An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.   First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).   Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."   42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).   At step one, the Commissioner considers the claimant's work activity.   20 C.F.R. § 416.920(a)(4)(i).   If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."   20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on April 15, 2010, alleging an onset date of January 2, 1994. Tr. 152-156. Her claims were denied initially and on reconsideration, Tr. 92-102, and Plaintiff requested a hearing, Tr. 103. Plaintiff appeared for a hearing before an administrative law judge on April 25, 2012, in Yakima, Washington. Tr. 42-74. The ALJ issued a decision on June 12, 2012, finding that Plaintiff was not disabled under the Act. Tr. 19-30.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2010, the date of her application for Title XVI benefits. Tr. 21. At step two, the ALJ found that Plaintiff had severe impairments consisting of bilateral foot pain, low back pain, obesity, depression, dysthymia and anxiety disorder. Tr. 21. At step three, the ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 22-24. The ALJ then determined that Plaintiff had the RFC to:

> perform medium work as defined in 20 CFR [§] 416.967(c). The claimant has the ability to occasionally lift and/or carry up to 50 pounds, and frequently lift and/or carry up to 25 pounds. The claimant also has the ability to stand and/or walk (with normal breaks)

for a total of about 6 hours in an 8-hour work day, and sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. The claimant's ability to push and/or pull is unlimited, other than as shown for lift and/or carry. The claimant further has the unlimited ability to engage in postural activities, except the claimant should never climb ladders, ropes, or scaffolds. In addition, the claimant does not have any communicative or environmental limitations. From a mental standpoint, the claimant has the ability to carry out very short and simple instructions, and that [sic] she is able to carry out some detailed instructions. The claimant also has the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. The claimant further has the ability to sustain an ordinary routine without special supervision, and she can work in coordination with or [in] proximity to others without being distracted by them. Moreover, the claimant has the ability to make simple work related decisions, and the claimant has the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The claimant further has the ability to interact with the general public, ask simple questions or request assistance, and accept instructions and respond appropriately to criticism from supervisors. The claimant also has the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and respond to changes in the work setting. Furthermore, the claimant has the ability to be aware of normal hazards and take appropriate precautions, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. The claimant would also perform best in jobs allowing no more than superficial contact with the public, coworkers, and supervisors.

Tr. 24. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 29. At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

existing in significant numbers in the national economy in representative occupations such as assembler such as motor vehicle assembler and packager such as machine packager.  Tr. 29.  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claim on that basis.  Tr. 30.

On August 8, 2012, Plaintiff requested review of the ALJ's decision by the Appeals Council.  Tr. 14-15.  The Appeals Council denied Plaintiff's request for review on May 3, 2013, Tr. 1-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  Plaintiff has identified four issues for review:

1. Whether the ALJ erred in making an adverse credibility determination;

2. Whether the ALJ erred in rejecting the opinions of Mr. Dick Moen;

3. Whether the ALJ erred in concluding that Plaintiff's mental impairments did not meet the severity criteria in Listing 12.04;

4. Whether the ALJ erred in failing to credit testimony by the vocational expert that Plaintiff's limitations would preclude gainful employment.

ECF No. 14 at 3.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

DISCUSSION

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."    20 C.F.R. §§ 416.908; 416.927.    A claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R. §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

At the hearing before the ALJ, Plaintiff testified that she could not work a forty-hour workweek because she was too "exhausted" and "overwhelmed" by the stress of being a full-time caregiver to her mother, boyfriend, and granddaughter. When asked to explain the "main reason" why she couldn't work, Plaintiff stated:

> Just my exhaustion, I'm just my depression, [sic] my mental state, it just seems like it has deteriorated just in the last few months. I just have a hard enough time keeping up with everything that I'm doing right now. And I don't know if that would be, you know, that could end at some point and I probably would be able to work. But right now, the situation I'm in, I just don't feel like I mentally just couldn't do it [sic].

Tr. 48. Plaintiff later clarified that doing all of the cooking, grocery shopping and cleaning for her family caused her to experience overwhelming "mental pressure" that would preclude her from maintaining full-time employment. Tr. 55. Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

further testified that having to stand for extended periods caused her to experience significant back pain that would prevent her from working. Tr. 53-54.

The ALJ provided several clear and convincing reasons for rejecting this testimony. First, with respect to Plaintiff's alleged back pain, the ALJ noted that Plaintiff's testimony was facially inconsistent with her activities of daily living, which included providing full-time care for three family members, cooking meals, running errands, doing household chores, driving others around, and attending her grandson's football games. Tr. 26. Indeed, the ALJ commented that Plaintiff's activity level was consistent with an ability to maintain full-time employment. Tr. 26. This was a permissible reason for discounting Plaintiff's credibility. *Thomas*, 278 F.3d at 958.

Second, with regard to Plaintiff's mental impairments, the ALJ found that Plaintiff's symptoms "are the result of situational stressors and not related to her impairments, which suggests that her symptoms are not as severe as alleged." Tr. 26. This finding is squarely supported by the medical evidence and by Plaintiff's own testimony at the hearing. As noted above, Plaintiff testified that she would likely be able to maintain full-time employment but for the "overwhelming" stress caused by caring for her family members. Tr. 48, 55. Furthermore, in response to follow-up questioning by the ALJ, Plaintiff acknowledged that it was the stress

caring for her family, rather than a specific mental impairment, that was the primary obstacle to her maintaining full-time employment:

> Q:  You said [earlier] that if you didn't have all of these other things going on you could probably work.
>
> A:  I would like to see myself being able, yes, I would like to be able to.
>
> Q:  But in reality you have a full-time job.  It's one you don't want and it's taking care of your family members.  You don't want that job, I can see that but that's where you're stuck, right?
>
> A:  Right now, yes.

Tr. 64.  Accordingly, the Court concludes that the ALJ did not err in discrediting Plaintiff's testimony concerning the limiting effects of her mental impairments due to Plaintiff's "severe credibility issues."  Tr. 28.

**B. Examining Physician Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.*  In addition, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted). If a treating or examining physician's opinion is not contradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff first argues that the ALJ erred in rejecting the opinion of Mr. Dick Moen, MSW.[1]  ECF No. 14 at 9-10.  On a series of standard Department of Social and Health Services forms, Mr. Moen opined that Plaintiff had multiple marked

---

[1] Plaintiff attributes these opinions to both Mr. Moen and the two physicians who apparently signed off on his evaluations, Dr. Rodenberger and Dr. Qadir.  ECF No. 14 at 8-10.  In the interest of simplicity, the Court will refer only to Mr. Moen.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

cognitive and social limitations.  Tr. 222, 453, 479, 623, 630.  Because this opinion was contradicted by the opinions of Dr. Rubin and Dr. Gollogly, *see* Tr. 27, the ALJ need only have given specific and legitimate reasons for rejecting it.  *Bayliss*, 427 F.3d at 1216.  The ALJ provided the following specific and legitimate reason for affording "little weight" to this opinion:

> The undersigned gives little weight to Mr. Moen's opinion because Mr. Moen even noted that [Plaintiff] reported that her typical day consisted of taking care of her grandchildren including taking and picking them up from school, running errands, and engaging in household chores, which shows that the claimant was quite active and able to engage in multiple cognitively challenging activities.

Tr. 27-28.  This reason is supported by substantial evidence, including Plaintiff's own testimony.  Accordingly, the ALJ did not err in rejecting Mr. Moen's opinion.

## C. Listing 12.04 (Affective Disorders)

At step three of the sequential evaluation process, the ALJ must evaluate the claimant's impairments to determine whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The claimant bears the initial burden of proving that his or her impairments meet or equal a Listing.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-33 (1990).  "To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim."  *Tackett*, 180 F.3d at 1099

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

(emphasis in original).  "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Id.* (citing 20 C.F.R. § 404.1526) (emphasis in original).  A determination of medical equivalence "must be based on medical evidence only."  *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(d)(3)); *see also Bowser v. Comm'r of Soc. Sec.*, 121 F. App'x 231, 232 (9th Cir. 2005) ("Step three ... directs the adjudicator to determine whether, in light of the objective medical evidence, the claimant has a severe impairment or combination of impairments that meets or equals the criteria in the Listing of Impairments[.]").  If a claimant's impairments meet or medically equal a Listing, the claimant is "conclusively presumed to be disabled," and is entitled to an award of benefits.  *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) ("Claimants are conclusively disabled if their condition either meets or equals a listed impairment.") (emphasis omitted).

Here, Plaintiff argues that the ALJ erred in finding that her impairments did not meet or medically equal the severity criteria in Listing 12.04.  ECF No. 14 at 16-18.  Specifically, Plaintiff argues that, had the ALJ not improperly rejected Mr. Moen's opinion that she suffered from marked limitations in social functioning and

concentration and persistence, the ALJ would have been required to find that her impairments met the "Paragraph B" criteria and find her presumptively disabled. ECF No. 14 at 18. The Court rejects this argument because, for the reasons stated above, the ALJ did not err in rejecting Mr. Moen's opinion.

**D. Vocational Expert Testimony**

Plaintiff's argument with regard to the vocational expert's testimony is also derivative of her argument concerning the ALJ's rejection of Mr. Moen's opinion. Had the ALJ credited Mr. Moen's opinion, she would have been obliged to find Plaintiff totally disabled based upon the vocational expert's response to counsel's hypothetical which incorporated Mr. Moen's opinion. Given that the ALJ properly rejected Mr. Moen's opinion, however, she did not err in finding Plaintiff not disabled based upon the vocational expert's response to the original hypothetical. Defendant is entitled to summary judgment.

//

//

//

//

//

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 18) is

       **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

    **DATED** July 25, 2014.



                    THOMAS O. RICE
               United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17